UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 25-CR-10377-DJC |
| | ) | |
| NNAMDI OPARA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**CASPER, C.J.**

WHEREAS, on September 19, 2025, the United States Attorney for the District of Massachusetts filed a seven-count Information, charging defendant Nnamdi Opara (the "Defendant"), with Bank Frad, in violation of 18 U.S.C. § 1344 (Counts One and Two), Money Laundering; Aiding and Abetting, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2) (Counts Three through Seven);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2)(A), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One and Two of the Information, of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses;

WHEREAS, such property specifically included, without limitation:

a. $700,767.52 in U.S. currency, to be entered in the form of forfeiture money judgment.

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States intended to seek the

forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts Three through Seven of the Information, of any property, real or personal, involved in such offenses, and any property traceable to such property;

WHEREAS, such property specifically included, without limitation:

a. $700,767.52 in U.S. currency, to be entered in the form of forfeiture money judgment.

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1);

WHEREAS, on November 6, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Seven of the Indictment, pursuant to a written plea agreement that he signed on October 2, 2025;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $700,767.52 on the grounds that such amount represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his

guilty plea on November 6, 2025, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $700,767.52, pursuant to 18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 982(a)(1). This amount represents the proceeds of the Defendant's crimes and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty as a result of his guilty plea;

WHEREAS, the amount of $700,767.52 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1344 and18 U.S.C. §§ 1956(a)(1)(B)(i) and 2); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $700,767.52, pursuant to 18 U.S.C. § 982(a)(2)(A) and 18 U.S.C. § 982(a)(1).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. 982(b)(1), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored

information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

Denise J. Casper
**DENISE J. CASPER**
Chief United States District Judge

Dated: July 2, 2026